Christiane Lee Nitschke
1655 Live Oak Rd Apt 43
Vista, California 92081
Tel: (760) 925-2507
Email: planetretired@gmail.com

**FILED**

Jun 29 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY            s/ GloriaVocal            DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

Case No.: **'23CV1206 LL    WVG**

CHRISTIANE LEE NITSCHKE,

      Plaintiff,

  v.

COUNTY OF SAN DIEGO;

NORA VARGAS, an individual;

JOEL ANDERSON, an individual;

TERRA LAWSON-REMER,

an individual;

NATHAN FLETCHER, an individual;

JIM DESMOND, an individual;

HELEN N. ROBBINS-MEYER, an

individual;

**COMPLAINT UNDER THE
CIVIL RIGHTS ACT,
42 U.S.C. § 1983**

**JURY TRIAL IS HEREBY
DEMANDED**

1

MICHAEL VU, an individual;

CLAUDIA SILVA, an individual;

RAQUEL YOUNG, an individual;

TODD HOOD, an individual;

ROBIN RAMIREZ, an individual;

DAVID ESTRELLA, an individual;

SKYLER MOORE, an individual;

NICHOLAS MARTINEZ, an

individual;

NICK  MACCHIONE, an individual;

CHRISTY CARLSON, an individual;

JENNIFER CAMPOS, an individual;

JAIME MENDEZ, an individual;

KEITH VAN WAGNER, an individual;

KATHERINE ILAGAN, an individual;

MIA WATSON-GOOD, an individual;

STEFANIE OSBORN, an individual;

DIANA GAITAN, an individual;

LILIANA GOMEZ, an individual;

DALIA GARCIA-SERRANO, an

individual;

Defendant(s).

2

Plaintiff CHRISTIANE LEE NITSCHKE, alleges and complains as follows:

## JURISDICTION

**1.** Jurisdiction is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 (3) and (4), et. seq. Federal question jurisdiction arises pursuant to 42 U.S.C. § 1983.

## VENUE

**2.** Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391 because the acts or omissions which form the basis of the Plaintiff's claims occurred in San Diego County, California within the Southern District.

## PARTIES

**3.** At all times relevant to this complaint, Plaintiff resided in San Diego County, California.

**4.** At all times relevant to this complaint, Defendant County of San Diego was a political subdivision of the State of California, operating several public entities and employing the individual defendant officers; who were acting within the scope of their employment.

**5.** At all times relevant to this complaint, Defendant(s) were individuals believed to reside in San Diego County, California.

**6.** At all times relevant to this complaint, Defendant Nora Vargas worked

3

for the County of San Diego. Defendant's title or position was Supervisor for District 1; now her position is Chair of the County of San Diego Board of Supervisors and Supervisor for District 1.

This Defendant is sued in her individual capacity.

This Defendant was acting under color of state law because: Nora Vargas acted pursuant to her status of an elected official.

    **7.** As an additional role, Defendant's title or position was Commissioner of the Housing Authority of the County of San Diego (HACSD); now her position is Chairperson of the Board of Commissioners of the Housing Authority of the County of San Diego (HACSD).

This Defendant is sued in her individual capacity.

This Defendant was acting under color of state law because: Nora Vargas acted pursuant to her status of a final policymaker.

    **8.** At all times relevant to this complaint, Defendant Joel Anderson worked for the County of San Diego. Defendant's title or position is Supervisor for District 2.

This Defendant is sued in his individual capacity.

This Defendant was acting under color of state law because: Joel Anderson acted pursuant to his status of an elected official.

    **9.** As an additional role, Defendant's title or position is Commissioner of the

4

Housing Authority of the County of San Diego (HACSD).

This Defendant is sued in his individual capacity.

This Defendant was acting under color of state law because: Joel Anderson acted pursuant to his status of a final policymaker.

**10**. At all times relevant to this complaint, Defendant Terra Lawson-Remer worked for The County of San Diego. Defendant's title or position is Supervisor for District 3.

This Defendant is sued in her individual capacity.

This Defendant was acting under color of state law because: Terra Lawson-Remer acted pursuant to her status of an elected official.

**11.** As an additional role, Defendant's title or position is Commissioner of the Housing Authority of the County of San Diego (HACSD).

This Defendant is sued in her individual capacity.

This Defendant was acting under color of state law because: Terra Lawson-Remer acted pursuant to her status of a final policymaker.

**12.** At all times relevant to this complaint, Defendant Nathan Fletcher worked for The County of San Diego. Defendant's title or position was Chair of the County of San Diego Board of Supervisors and Supervisor for District 4; then Supervisor for District 4.

This Defendant is sued in his individual capacity.

This Defendant was acting under color of state law because: Nathan Fletcher acted pursuant to his status of an elected official.

**13**. As an additional role, Defendant's title or position was Chairperson of the Board of Commissioners of the Housing Authority of the County of San Diego (HACSD); then Commissioner of the Housing Authority of the County of San Diego (HACSD).

This Defendant is sued in his individual capacity.

This Defendant was acting under color of state law because: Nathan Fletcher acted pursuant to his status of a final policymaker.

**14**. At all times relevant to this complaint, Defendant Jim Desmond worked for the County of San Diego. Defendant's title or position is Supervisor for District 5.

This Defendant is sued in his individual capacity.

This Defendant was acting under color of state law because: Jim Desmond acted pursuant to his status of an elected official.

**15**. As an additional role, Defendant's title or position is Commissioner of the Housing Authority of the County of San Diego (HACSD).

This Defendant is sued in his individual capacity.

This Defendant was acting under color of state law because: Jim Desmond acted pursuant to his status of a final policymaker.

**16.** At all times relevant to this complaint, Defendant Helen N. Robbins-Meyer worked for the County of San Diego. Defendant's title or position is Chief Administrative Officer for the County of San Diego.

This Defendant is sued in her individual capacity.

This Defendant was acting under color of state law because: Helen N. Robbins-Meyer acted pursuant to her status of an appointive officer.

**17.** At all times relevant to this complaint, Defendant Michael Vu worked for the County of San Diego. Defendant's title or position is Assistant Chief Administrative Officer.

This Defendant is sued in his individual capacity.

This Defendant was acting under color of state law because: Michael Vu acted pursuant to his status of a final policymaker.

**18.** At all times relevant to this complaint, Defendant Claudia Silva worked for The County of San Diego. Defendant's title or position is County Counsel.

This Defendant is sued in her individual capacity.

This Defendant was acting under color of state law because: Claudia Silva acted pursuant to her status of an appointive officer.

**19.** As an additional role, Defendant's title or position was Director of the Office of Ethics and Compliance.

This Defendant is sued in her individual capacity.

7

This Defendant was acting under color of state law because: Claudia Silva acted pursuant to her status of a final policymaker.

20. At all times relevant to this complaint, Defendant Raquel Young worked for the County of San Diego. Defendant's title or position is Deputy County Counsel.

This Defendant is sued in her individual capacity.

This Defendant was acting under color of state law because: Raquel Young acted pursuant to her status of an appointive officer.

21. At all times relevant to this complaint, Defendant Todd Hood worked for the County of San Diego. Defendant's title or position is Chief Privacy Officer.

22. As an additional role, Defendant's title or position is Countywide ADA Title II Coordinator.

This Defendant is sued in his individual capacity.

This Defendant was acting under color of state law because: Todd Hood acted pursuant to his status of an employee of the County of San Diego.

23. At all times relevant to this complaint, Defendant Robin Ramirez worked for the County of San Diego. Defendant's title or position is Program Manager for the Housing Authority of the County of San Diego.

This Defendant is sued in her individual capacity.

This Defendant was acting under color of state law because: Robin Ramirez acted pursuant to her status of an employee of the County of San Diego.

**24.** At all times relevant to this complaint, Defendant David Estrella worked for The County of San Diego. Defendant's title or position is Director of Housing and Community Development Services.

This Defendant is sued in his individual capacity.

This Defendant was acting under color of state law because: David Estrella acted pursuant to his status of a final policymaker.

**25.** At all times relevant to this complaint, Defendant Skyler Moore worked for the County of San Diego. Defendant's title or position is Program Specialist II for Housing and Community Development Services.

This Defendant is sued in his individual capacity.

This Defendant was acting under color of state law because: Skyler Moore acted pursuant to his status of an employee of the County of San Diego.

**26.** As an additional role, Defendant's title or position is Ombudsperson for the Housing Authority of the County of San Diego.

This Defendant is sued in his individual capacity.

This Defendant was acting under color of state law because: Skyler Moore acted pursuant to his status of an employee of the County of San Diego.

**27.** At all times relevant to this complaint, Defendant Nicholas Martinez

worked for the County of San Diego. Defendant's title or position is Acting

Assistant Director of Housing and Community Development Services.

This Defendant is sued in his individual capacity.

This Defendant was acting under color of state law because: Nicholas Martinez

acted pursuant to his status of an appointive officer.

28. At all times relevant to this complaint, Defendant Nick Macchione

worked for the County of San Diego. Defendant's title or position was Director

of the County of San Diego Health and Human Services Agency (HHSA).

This Defendant is sued in his individual capacity.

This Defendant was acting under color of state law because: Nick Macchione

acted pursuant to his status of an appointive officer.

29. As an additional role, Defendant's title or position was Executive

Director of Housing and Community Development Services.

This Defendant is sued in his individual capacity.

This Defendant was acting under color of state law because: Nick Macchione

acted pursuant to his status of an appointive officer.

30. At all times relevant to this complaint, Defendant Christy Carlson

worked for the County of San Diego. Defendant's title or position is Group

Program Manager for HHSA Compliance Agency.

This Defendant is sued in her individual capacity.

This Defendant was acting under color of state law because: Christy Carlson acted pursuant to her status of an employee of the County of San Diego.

**31**. At all times relevant to this complaint, Defendant Jennifer Campos worked for the County of San Diego. Defendant's title or position is Civil Rights Coordinator for HHSA.

This Defendant is sued in her individual capacity.

This Defendant was acting under color of state law because: Jennifer Campos acted pursuant to her status of an employee of the County of San Diego

**32**. At all times relevant to this complaint, Defendant Jaime Mendez worked for the County of San Diego. Defendant's title or position is Chief, Agency Operations of Housing and Community Development Services.

This Defendant is sued in his individual capacity.

This Defendant was acting under color of state law because: Jaime Mendez acted pursuant to his status of an appointive officer.

**33.** At all times relevant to this complaint, Defendant Keith Van Wagner worked for the County of San Diego. Defendant's title or position is Group Program Manager for the Clerk of the Board of Supervisors.

This Defendant is sued in his individual capacity.

This Defendant was acting under color of state law because: Keith Van Wagner acted pursuant to his status of an employee of the County of San Diego.

**34**. At all times relevant to this complaint, Defendant Katherine Ilagan worked for the County of San Diego. Defendant's title or position is Administrative Analyst I (Public Records Act Unit) for the Clerk of the Board of Supervisors.

This Defendant is sued in her individual capacity.

This Defendant was acting under color of state law because: Katherine Ilagan acted pursuant to her status of an employee of the County of San Diego.

**35.** At all times relevant to this complaint, Defendant Mia Watson-Good worked for the County of San Diego. Defendant's title or position is Chief Compliance Officer.

This Defendant is sued in her individual capacity.

This Defendant was acting under color of state law because: Mia Watson-Good acted pursuant to her status of an appointive officer.

**36**. At all times relevant to this complaint, Defendant Stefanie Osborn worked for the County of San Diego. Defendant's title or position is Claims and Investigations Supervisor for the Office of County Counsel.

This Defendant is sued in her individual capacity.

This Defendant was acting under color of state law because: Stefanie Osborn acted pursuant to her status of an employee of the County of San Diego

**37.** At all times relevant to this complaint, Defendant Diana Gaitan worked

for the County of San Diego. Defendant's title or position is Confidential Legal

Secretary for the Office of County Counsel.

This Defendant is sued in her individual capacity.

This Defendant was acting under color of state law because: Diana Gaitan acted

pursuant to her status of an employee of the County of San Diego.

**38**. At all times relevant to this complaint, Defendant Liliana Gomez worked

for the County of San Diego. Defendant's title or position is Confidential Legal

Secretary for the Office of County Counsel.

This Defendant is sued in her individual capacity.

This Defendant was acting under color of state law because: Liliana Gomez acted

pursuant to her status of an employee of the County of San Diego.

**39.** At all times relevant to this complaint, Defendant  Dalia Garcia-Serrano

worked for the County of San Diego. Defendant's title or position is Claims

Representative II for the Office of County Counsel.

This Defendant is sued in her individual capacity.

This Defendant was acting under color of state law because: Dalia Garcia-Serrano

acted pursuant to her status of an employee of the County of San Diego.

## <u>STATEMENT OF FACTS</u>

**40.** Plaintiff realleges all prior paragraphs of this complaint and

incorporates the same herein by this reference.

13

Background

**41.** Plaintiff is a recipient of SSI benefits based on her disability status.

**42.** The County of San Diego's Health and Human Services Agency (HHSA) provides Plaintiff with Behavioral Health Services and In-Home Supportive Services (IHSS) she needs to live in the community; to avoid premature and/or unnecessary institutionalization.

**43.** Plaintiff requires a live-in caregiver to remain integrated in the community. Her mother, Sheryl Lee Nelson Nitschke, is her live-in IHSS provider.

**44.** However, Plaintiff is in need of housing supports to remain in the most integrated setting appropriate to her needs; in the mainstream of American society.

**45.** After careful consideration, Plaintiff realized that the only viable long-term solution would be receipt of a Section 8 Housing Choice Voucher (HCV); a federal program funded by HUD.

Disability Status

**46.** Plaintiff is a qualified individual with disabilities according to the civil rights definition of disability of Section 504 of the Rehabilitation Act of 1973 (29 U.S.C.); of the ADA (42 U.S.C. § 12101) and of the Fair Housing Act (42 U.S.C. Ch. 45). Therefore, Plaintiff has a right to reasonable accommodation/modification that is protected under federal civil rights statutes.

14

**47.** Plaintiff is an individual with handicaps according to HUD's regulatory civil rights definition of an individual with handicaps (24 CFR Parts 8.3 and 100.201). This definition applies to requests for reasonable accommodation.

**48.** Plaintiff is a person with a disability according to HUD's regulatory definition of a person with disabilities (24 CFR 5.403). This definition applies for program eligibility purposes; including waitlist preferences.

<u>Risk of Medically Unnecessary Institutionalization</u>

**49.** Without securing affordable, sustainable housing, plaintiff is at risk of medically unnecessary institutionalization.

**50.** In Plaintiff's case, time is of the essence. Her SSI income will not keep up with annual rent increases.

<u>October 2021</u>

<u>Application for Housing Choice Voucher</u>

**51.** On October 14, 2021, plaintiff applied online for a Section 8 Housing Choice Voucher to be administered by the Housing Authority of the County of San Diego.[1]

<u>December 2022</u>

---

[1] *See Exhibit 1.*

15

Reasonable Accommodation Request

**52.** On December 9, 2021 at 11:46 AM, Plaintiff mailed[2] a Reasonable Accommodation Request to the County of San Diego's Housing and Community Development Services, located at 3989 Ruffin Road, San Diego, CA, 92123.[3]

Countywide ADA Title II Coordinator

**53.** On December 30, 2021 at 2:43 AM, Plaintiff reached out to Defendant Todd Hood.[4]

**54.** Plaintiff believed Defendant Todd Hood would "coordinate the County's efforts" in complying with Title II of the ADA.[5]

January 2022

Wrongful Denial of Reasonable Accommodation Request

**55.** On January 26, 2022, at 5:16 PM, Defendant Robin Ramirez sent Plaintiff a digital copy of her "Reasonable Accommodation Request Results".[6]

---

[2] *See Exhibit 5.*

[3] *See Exhibit 6.*

[4] *See Exhibit 14.*

[5] *See Exhibit 15, 17.*

[6] *See Exhibit 21.*

16

**56.** Plaintiff's Request for Reasonable Accommodation was denied due to an alleged "fundamental alteration" based on "HUD-mandated waitlist rules".[7]

**57.** However, in her written Reasonable Accommodation Request, [8] Plaintiff asked that her case be evaluated under federal civil rights statutes; under Section 504 of the Rehabilitation Act; Title II of the ADA and the Fair Housing Act.

**58.** And, Plaintiff asked that her case be evaluated according to HUD's regulatory civil rights definition of an individual with handicaps (24 CFR Parts 8.3 and 100.201).

**59.** Therefore, Plaintiff's Request for Reasonable Accommodation/ Modification was wrongfully denied.

<u>February 2022</u>

<u>County of San Diego Allegedly Denied Plaintiff's Request for Reasonable</u>

<u>Accommodation</u>

**60.** On February 1, 2022 at 5:24 PM, Defendant Robin Ramirez informed Plaintiff that "the County of San Diego reviewed your reasonable accommodation

---

[7] *See Exhibit 23.*

[8] *See Exhibit 14.*

request and provided the 1/26/22 response in accordance with current policies, procedures, and applicable regulations".[9]

**61.** No legal authorities and/or facts that would support a "fundamental alteration" affirmative defense were presented.

Discrimination Complaint

**62.** On February 4, 2022 at 1:59 PM, Plaintiff faxed a signed discrimination complaint to the Office of Ethics and Compliance.[10]

**63.** The fax was addressed to ADA Title II Coordinator Todd Hood.

**64.** Plaintiff alleged that the discrimination she was faced with was continuing; not limited to January 26, 2022.

**65.** On February 14, 2022 at 9:21 AM, Plaintiff sent Defendant Todd Hood an email with an attached "Memorandum of Points and Authorities in Support of Discrimination Complaint Filed Against the County of San Diego.".[11]

Request for Reasonable Modification

**66.** On February 25, 2022 at 7:49 PM, Plaintiff sent Defendant Todd

―――――――――――――――――

[9] *See Exhibit 34.*

[10] *See Exhibit 37.*

[11] *See Exhibit 40.*

Hood an email confirming that they spoke over the phone and that Plaintiff requested a modification in policies, practices, or procedures under 28 CFR Part § 35.130 (a), (b) (7) (i) and (ii) as well as 8 (d).[12]

### Request for Update

**67.** On February 27, 2022 at 1:54 PM, Plaintiff sent Defendant Todd Hood an email asking for an update on her Reasonable Modification Request. [13]

**68.** Plaintiff stated that "I suffer from severe anxiety and I feel that I have waited long enough".

**69.** Plaintiff asked "How much longer will it take for you to respond? I have been waiting for nearly two months".

**70.** Plaintiff reiterated that she was "under severe emotional distress and at risk of out-of home placement."

**71.** Defendant Todd Hood did not respond.

### March 2022

### Civil Rights Certification

### Signed by Defendant David Estrella

_____

[12] *See Exhibit 47.*

[13] *See Exhibit 53.*

19

**72.** On March 2, 2022, Plaintiff wrote Defendant Robin Ramirez asking for a "copy of the Signed Civil Rights Certification that the HACSD submitted to HUD under 24 CFR 982.53 (b)."[14]

**73.** Defendant David Estrella Signed the Civil Rights Certification on April 9, 2021. [15]

**74.** And, on March 10, 2022 at 1:28 AM, Plaintiff sent Defendant David Estrella an email stating that he "signed the Civil Rights Certification that HACSD submitted to HUD on April, 2021 that I believe is not being observed."[16]

<u>Defendant Skyler Moore Contacts Plaintiff</u>

**75.** On March 10, 2022 at 5:08 PM, Defendant Skyler Moore, at the request of Defendant David Estrella, contacted Plaintiff.[17]

**76.** Defendant Skyler Moore was instructed to engage in an "interactive process" with Plaintiff  "to see if we can accommodate your asserted disability."

<u>Reasonable Accommodation Committee (RAC) Allegedly Denied Plaintiff's</u>

—————————————————

[14] *See Exhibit 56.*

[15] *See Exhibit 65.*

[16] *See Exhibit 65, 66.*

[17] *See Exhibit 67.*

20

Request for Reasonable Accommodation

**77.** Defendant Skyler Moore informed Plaintiff that "The Reasonable Accommodation Committee (RAC) reviewed your written request, and you were provided a letter indicating that the request could not be accommodated based on the fact that it would result in a fundamental alteration of the program. The letter included referrals for other housing opportunities and resources and offered a direct contact in case you needed additional assistance."[18]

**78.** Plaintiff questioned how her request amounts to a "fundamental alteration of the HCV program under HUD's Integration Mandate; HUD's Affirmatively Furthering Fair Housing Obligations; the Fair Housing Act; Section 504 of the Rehabilitation Act and Title II of the ADA."[19]

**79.** Defendant Skyler Moore did not respond.

Civil Rights Definition of Disability

**80.** On March 24, 2022 at 1:35 PM, Plaintiff wrote Defendant David Estrella an email asking why the Reasonable Accommodation Committee (RAC)

---

[18] *See Exhibit 77.*

[19] *See Exhibit 80, 81, 82, 84, 89.*

did not evaluate her request under the Civil Rights definition of disability.[20]

**81.** And, Plaintiff asked if the Reasonable Accommodation Committee (RAC) evaluated her request under HUD's and the ADA's Integration Mandate.

**82.** On March 24, 2022 at 1:40 PM, Plaintiff forwarded said email to Defendant Nicholas Martinez.[21]

**83.** Plaintiff needed answers to have a fair chance of presenting a formal discrimination complaint with HUD.

Defendant Skyler Moore Relies on Wrong Section of The Code of Federal Regulations

**84.** On March 25, 2022, at 4:58 PM, Defendant Skyler Moore wrote: "As it relates to requesting an immediate Housing Choice Voucher issuance as a Reasonable Accommodation under the ADA, **24 CFR 982.202** provides some context into waitlist Applicant status."[22]

**85.** Defendant Skyler Moore reliance on 24 CFR 982.202 was simply wrong. ADA Title II Regulations are found under 28 CFR Part 35; not 24 CFR.

---

[20] *See Exhibit 82.*

[21] *See Exhibit 84.*

[22] *See Exhibit 87.*

22

**86.** Furthermore, Defendant Skyler Moore omitted the last phrase of 24 CFR 982.202: "The preceding sentence does not affect or prejudice any right, independent of this rule, to bring a judicial action challenging an PHA violation of a constitutional or statutory requirement."[23]

**87.** Plaintiff has reason to believe that Defendant Skyler Moore purposely omitted the last phrase with an intent to deceive Plaintiff and to deprive her of her constitutional and statutory rights.

**88.** Defendant Skyler Moore further attempted to oppress Plaintiff's rights of judicial review through the following wrongful statement: "Additionally, courts have uniformly dismissed ADA claims requesting advancement in a position on a waiting list as a Reasonable Accommodation."

<u>Plaintiff Contacts Defendant Nicholas Martinez</u>

**89.** On March 25, 2022 at 6:16 PM, Plaintiff wrote Defendant Nicholas Martinez an email asking that "another Ombudsman look into this matter. Mr. Moore is not addressing my questions and I need answers to have a fair chance, under Due Process, to present my discrimination complaint before HUD."[24]

---

[23] *See Exhibit 89.*

[24] *See Exhibit 90.*

**90.** Defendant Nicholas Martinez did not respond.

**91.** On March 26, 2022 at 1:00 AM, Plaintiff wrote Defendant Nicholas Martinez another email, asking "who decided that the reasonable accommodation I require would amount to a fundamental alteration of the HCV Program".[25]

<u>Final Decision Maker Was Not Identified</u>

**92.** Robin Ramirez signed the denial letter from January 26, 2022.[26]

**93.** Skyler Moore affirmed that the Reasonable Accommodation Committee (RAC) denied Plaintiff's Request for Reasonable Accommodation.[27]

**94.** Nicholas Martinez stated that "Skyler Moore is responding to your Reasonable Accommodation Request".[28]

**95.** And, "Todd Hood is looking into your matter as well".

<u>Plaintiff Requests Reevaluation of her Reasonable Accommodation Request</u>

**96.** On March 28, 2022 at 9:21 PM, Plaintiff sent Defendant Todd Hood an email confirming that "I want the discrimination complaint I filed against Ms.

_____

[25] *See Exhibit 92.*

[26] *See Exhibit 23.*

[27] *See Exhibit 77.*

[28] *See Exhibit 88.*

Robin Ramirez be dismissed."[29]

**97.** Plaintiff stated to Defendant Todd Hood that the reason for the dismissal of the complaint was that "Robin Ramirez is neither the designee nor the head of the County of San Diego's Health and Human Services Agency (Nick Macchione occupies said position), her decision is void; of no legal effect."[30]

**98.** Plaintiff stated that "a new, unprejudiced evaluation of my reasonable accommodation request is required."

<u>April 2022</u>

<u>Sheryl Nitschke Contacts Defendant(s) Todd Hood and Nick Macchione</u>

**99.** On April 2, 2022, Sheryl Nitschke wrote an email to Defendant(s) Todd Hood and Nick Macchione asserting Plaintiff's Constitutional Rights under the Due Process Clause of the Fourteenth Amendment.[31]

**100.** Sheryl Nitschke asked that Nick Macchione and/or his designee Reevaluate Plaintiff's Reasonable Accommodation Request.

**101.** Sheryl Nitschke spoke with Nick Macchione's Administrative Secretary Dawn Wynne confirming that Defendant Nick Macchione received

––––––––––––––––––––––––

[29] *See Exhibit 104.*

[30] *See Exhibit 60, 120.*

[31] *See Exhibit 107.*

25

Sheryl Nitschke's email.

Sheryl Nitschke Contacts Defendant Christy Carlson

**102.** On April 6, 2022, Sheryl Nitschke contacted Defendant Christy Carlson, asking for her help with Plaintiff's Reasonable Accommodation Request.

**103.** Defendant Christy Carlson stated she would contact Defendant Todd Hood to request an update

**104.** On April 6, 2022 at 1:18 PM, Defendant Christy Carlson sent Sheryl Nitschke an email affirming that "Pursuant to our conversation this morning, I have confirmed with Mr. Todd Hood, Countywide ADA Title II Coordinator, that he is actively reviewing the concern forwarded to his office on February 14, 2022, along with the requests for action included within said concern, and will provide response to all parties upon completion of the review".[32]

**105.** However, Defendant Todd Hood was no longer "reviewing the concern forwarded to his office on February 14, 2022" because Plaintiff dismissed that complaint.

<u>Plaintiff Has Reason to Believe Defendant(s) Christy Carlson and Todd Hood Acted with Reckless Disregard of Plaintiff's Constitutional and Civil Rights</u>

---

[32] *See Exhibit 114.*

**106.** On April 6, 2022 at 1:56 PM, Plaintiff sent Defendant(s) Christy Carlson and Todd Hood an email, asserting her Constitutional Rights of Due Process.[33]

**107.** Plaintiff stated that Defendant Nick Macchione, the head of HHSA, must decide a "fundamental alteration" of the HCV Program.[34]

<u>Defendant David Estrella Contacts Plaintiff</u>

**108.** On April 9, 2022 at 5:08 PM, Defendant David Estrella sent Plaintiff an email alleging that her case was "reevaluated"; including her status of an IHSS recipient.[35]

**109.** Defendant David Estrella wrote that the determination from January 26, 2022 "stands".

**110.** As usual, no legal authorities and/or facts that would support a "fundamental alteration" affirmative defense were presented.

**111.** Furthermore, Plaintiff found it peculiar that Defendant David Estrella sent her a determination on a Saturday.

<u>May 2022</u>

---

[33] *See Exhibit 115.*

[34] *See Exhibit 120.*

[35] *See Exhibit 119.*

Civil Rights Certification

Signed by Defendant(s) Nick Macchione and Nathan Fletcher

**112.** Defendant Nathan Fletcher signed a new Civil Rights Certification on April 11, 2022.[36]

**113.** Defendant Nick Macchione signed a new Civil Rights Certification on April 12, 2022.

**114.** It became clear why Defendant David Estrella sent Plaintiff a determination on Saturday, April 9, 2022.

**115.** Plaintiff has reason to believe that Defendant David Estrella wanted to close Plaintiff's case before Defendant Nick Macchione and Defendant Nathan Fletcher signed a new Civil Rights Certification on Monday, April 11, 2022 and Tuesday, April 12, 2022.[37]

**116.** Plaintiff realized that the HACSD's 2022-2023 Annual Plan included a new requirement; that an attempt at an "interactive process" be made before deciding to either grant or deny a reasonable accommodation/ modification request.[38]

———————————————

[36] *See Exhibit 128.*

[37] *See Exhibit 128.*

[38] *See Exhibit 130.*

**117.** Plaintiff has reason to believe that Defendant David Estrella acted with evil purpose and intent to deprive Plaintiff of her right of fundamental fairness; to prevent her from benefiting from an "interactive process" that Defendant(s) Nick Macchione and Nathan Fletcher were about to incorporate into the new Civil Rights Certification they signed on April 11, 2022 and April 12, 2022.

**118.** This fact caused Plaintiff to suffer severe emotional distress. Plaintiff felt helpless; that County officers and employees intentionally discriminated against Plaintiff and intentionally violated her constitutional and civil rights.

<u>July 2022</u>

<u>Report Submitted To The U.S. Department of Justice</u>

**119.** On July 25, 2022, at 3:14 PM, Plaintiff submitted to the U.S. Department of Justice (Civil Rights Division) a formal discrimination complaint against the County of San Diego.[39]

**120.** Among other claims, Plaintiff reported a plausible claim of a "pattern/practice of discrimination" against the County of San Diego as well as "potential color of law violations" against individual defendants.

<u>August 2022</u>

---

[39] *See Exhibit 131.*

29

<u>Plaintiff Contacts Defendant Jennifer Campos</u>

**121.** On August 1, 2022, at 9:40 PM, Plaintiff contacted Defendant Jennifer Campos, HHSA Civil Rights Coordinator to submit a Civil Rights Complaint against Defendant David Estrella.[40]

**122.** On August 3, 2022, Plaintiff spoke to Defendant Jennifer Campos over the phone from 1:16 PM until 1:32 PM.

**123.** On August 4, 2022 at 4:25 PM, Plaintiff asked for confirmation that she would "receive a response in writing within (20) calendar days."[41]

**124.** On August 23, 2022, at 4:25 PM, Plaintiff received an email from Defendant Jennifer Campos, stating that "Our investigation into your concerns has been completed and your response letter is being finalized." [42]

**125.** Plaintiff never received a copy of said letter.

<u>September 2022</u>

<u>Defendant Jaime Mendez Seeks Advice from County Counsel</u>

**126.** On September 12, 2022 at 11:23 AM, Defendant Jaime Mendez Sent

————————————————

[40] *See Exhibit 132.*

[41] *See Exhibit 133.*

[42] *See Exhibit 142.*

Plaintiff an email that was also addressed to Defendant(s) Jennifer Campos and Todd Hood.

**127.** Defendant Jaime Mendez cc'd Defendant(s) Robin Ramirez; Nicholas Martinez as well as Raquel Young (Deputy County Counsel).[43]

**128.** Plaintiff has reason to believe that Defendant Raquel Young; an attorney, knew that Plaintiff's Constitutional and Statutory Rights were violated by County staff and did nothing to prevent further violations of Plaintiff's Rights.

<u>Defendant Jaime Mendez Contacts Plaintiff</u>

**129.** On September 15, 2022 at 10:20 AM, Defendant Jaime Mendez sent Plaintiff an email containing an official letter signed by Defendant David Estrella.[44]

**130.** Defendant David Estrella wrote that "this response is a follow-up" to the complaint made to Civil Rights Coordinator, Jennifer Campos, on August 4, 2022.

**131.** However, Plaintiff made a complaint on August 1, 2022 against

---

[43] *See Exhibit 155.*

[44] *See Exhibit 156.*

Defendant David Estrella. [45]

**132.** Plaintiff has reason to believe that Defendant David Estrella purposely stated that the complaint was made on August 4, 2022 instead of August 1, 2022 in an attempt to cover-up a common law conflict of interest of an "appearance of impropriety".[46]

<u>Defendant David Estrella Wrongfully Denied Plaintiff's Reasonable Accommodation Request</u>

**133.** According to regular practice, Defendant David Estrella did not cite the legal authorities he relied upon to again deny Plaintiff's reasonable accommodation request. Instead, he alluded to "HUD regulations" and "HACSD waitlist selection preference for people with disabilities".[47]

**134.** However, HUD's definition of disability that is applied when granting a waitlist selection preference is **not the regulatory civil rights definition of disability.**

**135.** HUD's regulatory **civil rights definition of disability** uses the term

--------------------------------

[45] *See Exhibit 132.*

[46] *See Exhibit 133.*

[47] *See Exhibit 156.*

32

"individual with handicaps" and is much broader than the definition that applies to a waitlist preference for "people with disabilities".[48]

**136.** Furthermore, Defendant David Estrella did not evaluate Plaintiff's request on a case-by-case basis; as is required.

**137.** Therefore, Defendant David Estrella Violated the Civil Rights Certification that Defendant(s) Nick Macchione and Nathan Fletcher submitted to HUD in April, 2022.

<u>Defendant Jaime Mendez Ratifies Wrongful Denial of Reasonable Accommodation Request</u>

**138.** On September 20, 2022 at 5:43 PM, Defendant Jaime Mendez ratified Defendant David Estrella's determination from September 15, 2022.[49]

**139.** And, Defendant Jaime Mendez alleged that the September 15, 2022 determination complied with basically "every nondiscrimination law in the book".[50]

**140.** Thus, Plaintiff was not given "fair notice" of the legal basis for

———————————————

[48] *See Exhibit 2.*

[49] *See Exhibit 167.*

[50] *See Exhibit 167.*

33

Defendant Jaime Mendez's determination.

**141.** Plaintiff maintains her belief that Defendant David Estrella is guilty of a common law conflict of interest.

<u>Discrimination Complaint</u>

**142.** On September 21, 2022 at 5:19 PM, Plaintiff submitted to the Office of Ethics and Compliance a discrimination complaint against the County of San Diego. [51]

**143.** Plaintiff named Defendant Jaime Mendez in her complaint because he acted pursuant to his status of a "final policymaker" when he ratified Defendant David Estrella's September 15, 2022 determination.

<u>County's ADA Title II Grievance Procedures</u>

**144.** On September 26, 2022 at 2:51 PM, Plaintiff asked Defendant Todd Hood for a digital copy of the grievance procedures that the County of San Diego has adopted and published to ensure prompt and equitable resolution of complaints arising under 28 CFR Part 35.[52]

<u>October 2022</u>

---

[51] *See Exhibit 171.*

[52] *See Exhibit 175.*

34

**145.** It took Defendant Todd Hood until October 23, 2022 at 7:09 PM, to send Plaintiff a digital copy of the County of San Diego's Administrative Manual Policy 0010-09B. [53]

**146.** And, Defendant Todd Hood affirmed that "a revision of this document is currently in process of review for Adoption. We plan to issue that revised document once it is adopted."

<u>In Plaintiff's case, an Immediate Issuance of a Housing Choice Voucher is a</u>
<u>"Plausible Reasonable Modification"</u>

**147.** On October 20, 2022 at 4:29 PM, Plaintiff sent Defendant Todd Hood a copy of a "Statement of Interest of The United States of America"; clarifying that:

"(1) the integration mandate of the ADA and the rehabilitation Act prohibits discrimination in the form of unnecessary segregation, regardless of the intent of the agency placing individuals with disabilities in institutional settings; (2) there are multiple ways to demonstrate that community placement is appropriate for an individual, only one of which is a determination by the public entity's treatment professionals; and **(3) a**

_____

[53] *See Exhibit 195.*

35

**plaintiff who alleges that access to an existing community-based service will prevent unnecessary institutionalization has alleged a plausible reasonable modification under the ADA and the Rehabilitation Act."[54]**

<u>Defendant Todd Hood Disregards Item # 3</u>

**148.** On October 20, 2022 at 4:53 PM, Defendant Todd Hood stated that he had not been provided "evidence that the County of San Diego has directed you to be institutionalized, as in the attached case."[55]

<u>Defendant Todd Hood Instructs Plaintiff to Contact Homeless Taskforce</u>

<u>Instead of providing her a Reasonable Modification</u>

**149.** On October 20, 2022 at 5:08 PM, Defendant Todd Hood sent Plaintiff an email indicating that "the Continuum of Care Regional Taskforce on the Homeless may be able to share resources as well." [56]

**150.** Plaintiff finds it ludicrous that Defendant Todd Hood's solution was to advise Plaintiff to connect with the Continuum of Care Taskforce on the Homeless.

———————————————

[54] *See Exhibit 186, 189, 190.*

[55] *See Exhibit 187.*

[56] *See Exhibit 188.*

36

**151.** It is absurd to withhold available resources that would prevent unnecessary institutionalization and prevent Plaintiff from becoming homeless.[57]

Conflict of Interest Report

**152.** On October 20, 2022, Plaintiff Reported to Defendant Todd Hood a Conflict of Interest Implicating Defendant David Estrella.

**153.** On October 21, 2022 at 3:27 AM, Plaintiff Sent Defendant Todd Hood an email with a Conflict of Interest Report attached.[58]

**154.** On October 24, 2022 at 10:25 AM, Defendant Todd Hood stated that "the Chief Compliance Officer of the County of San Diego and the Health and Human Services Agency Compliance Officer" determined that the allegations of a conflict of interest were "unsubstantiated".[59]

**155.** Plaintiff did not receive a copy of an official determination.

**156.** Plaintiff has reason to believe that no one read Plaintiff's Conflict of Interest Report.

Defendant Nick Macchione Neglected His Duties

_____

[57] *See Exhibit 191, 192, 193.*

[58] *See Exhibit 194.*

[59] *See Exhibit 198.*

**157.** On October 24, 2022 at 2:41 PM, Plaintiff complained that Defendant
Nick Macchione failed to make a decision; thus causing Plaintiff harm.[60]

**158.** Defendant Nick Macchione violated the Civil Rights Certification he
signed on April 12, 2022 and submitted to HUD.

**159.** Furthermore, Defendant Nick Macchione did not comply with HHSA's
Code of Conduct that he signed on March 15, 2021[61]. Neither did his subordinates.

<u>November 2022</u>

<u>Reasonable Modification Request</u>

**160.** On November 1, 2022 at 12:55 AM, Plaintiff sent Defendant Todd
Hood an email affirming that her request for reasonable modification would not
amount to a "fundamental alteration" of the HCV program.[62]

**161.** From November 2, 2022 at 2:44 PM[63] until November 16, 2022 at 3:36
AM, Plaintiff sent Defendant Todd Hood several emails with "clearly established
law" in support of Plaintiff's Reasonable Modification Request.

---

[60] *See Exhibit 200.*

[61] *See Exhibit 106.*

[62] *See Exhibit 206.*

[63] *See Exhibit 208, 209, 211, 212, 213, 214, 215, 216, 217, 218, 220, 221, 222, 223, 224, 225.*

<u>Defendant Todd Hood Does Not Care About The Disabled</u>

**162.** On November 23, 2022 at 4:11 PM**; the eve of Thanksgiving,** Defendant Todd Hood sent Plaintiff an email wrongfully rejecting her claim of discrimination against the County of San Diego.[64]

<u>Defendant Todd Hood acted with "malice and evil purpose"</u>

**163.** Defendant Todd Hood intended to cause Plaintiff harm when he sent her a wrongful determination on the eve of Thanksgiving.

**164.** Defendant Todd Hood knew Plaintiff suffers from complex medical and behavioral needs.

**165.** Defendant Todd Hood intended to inflict inexcusable; severe emotional distress upon Plaintiff. Todd Hood enjoyed his holiday when Plaintiff was left with no way to reach anyone to question his determination for the entire holiday season. This was cruel, malicious intentional infliction of emotional distress.

**166.** Defendant Todd Hood's conduct **"shocks the conscience".**

<u>Plaintiff's Right to Equal Protection Under the Law Was Violated</u>

**167.** Plaintiff is a qualified individual with disabilities as defined under Section 504 of the Rehabilitation Act; Title II of the ADA; The FHA; The

_____

[64] *See Exhibit 227.*

39

Supreme Court's decision in Olmstead v. LC; as well as under the Department of Justice and HUD's Regulations.

**168.** Plaintiff qualifies for a waitlist selection preference for people with disabilities (HUD Definition of "an individual with disabilities").

**169.** Plaintiff also qualifies for reasonable accommodation and reasonable modification under the federal civil rights laws cited above.

**170.** However, Defendant Todd Hood stated that "A reasonable modification is not required for all individuals who meet the definition of "disability", but a waiting list selection preference is provided to individuals who meet the definition of "disability."

**171.** Plaintiff was discriminated against based on her disability status.

**172.** Defendant(s) relied upon the fact that Plaintiff qualifies for a waitlist preference to deny her a reasonable accommodation/modification she needs to have meaningful access to the HCV Program; to avoid unnecessary institutionalization.

**173.** Therefore, Plaintiff was subjected to intentional unconstitutional discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment. As a result, Plaintiff suffered severe physical pain and emotional distress.

<u>Plaintiff Is Unable To Appeal Wrongful Determination</u>

**174.** The County of San Diego's Administrative Manual Policy 0010-09B does not provide any appeal rights.

**175.** Therefore, the County's Policy is inequitable; it violates Plaintiff's Constitutional Rights of Procedural Due Process. As a result, Plaintiff suffered severe physical pain and emotional distress.

December 2022

Defendant(s) Cause Plaintiff Unbearable Emotional Distress

**176.** As a result of Defendant(s) conduct; dating back from December, 2021, Plaintiff suffers unbearable emotional distress; requiring a new prescription (Lorazepam; a "controlled substance").[65]

**177.** Plaintiff will continue to suffer until she can be "made whole again".

Report Submitted To The U.S. Department of Justice

**178.** On December 29, 2022 at 5:23 AM, Plaintiff reported to the U.S. Department of Justice's Civil Rights Division, the fact that the County of San Diego does not provide appeal rights for complaints arising under 28 CFR Part 35. [66]

_____

[65] _See Exhibit 238._

[66] _See Exhibit 249, 250._

January 2023

Defendant Keith Van Wagner and Defendant Katherine Ilagan Wrongfully Withheld Public Records

**179.** On January 4, 2023 at 1:04 PM, Defendant Keith Van Wagner stated that "the proposed revision to the County of San Diego's Administrative Manual Policy 0010-09 is still in process, is only in draft form, and has not been completed."[67]

**180.** And, Defendant Keith Van Wagner informed Plaintiff that "When and if the revisions to this Policy are complete and made public, any drafts that have been retained could be disclosed at that time."

**181.** Plaintiff has reason to believe that the County of San Diego might no longer review/update Administrative Manual Policy 0010-09B.

**182.** Said course of action will leave Plaintiff and many others with no recourse to appeal wrongful determinations made by Countywide ADA Title II Coordinator.

Defendant Todd Hood Did Not Comply With Policy 0010-09B

**183.** Defendant Todd did not follow Policy 0010-09B. He did not "prepare

---

[67] *See Exhibit 258.*

a written report to the Chief Administrative Officer."[68]

**184.** Defendant Todd Hood did not comply with the County's own procedures; thus violating Plaintiff's Constitutional Rights of Due Process.[69]

**185.** However, Defendant Todd Hood did not seem too preoccupied that he had not followed the County's procedures.[70]

Foreseen Litigation

**186.** On January 18, 2023 at 3:45 PM, Plaintiff asked Defendant Keith Van Wagner to "please notify all personnel reviewing records that a LITIGATION HOLD requires preservation of all records (disclosed and withheld) due to Foreseen litigation."[71]

February 2023

Defendant Helen Robbins-Meyer Did Not Supervise Defendant Todd Hood

**187.** On February 3, 2023, at 11:50 AM, Defendant Todd Hood stated that "in light of the recency of your case, your matter has not been included in a

---

[68] *See Exhibit 270.*

[69] *See Exhibit 271.*

[70] *See Exhibit 275.*

[71] *See Exhibit 267.*

report to the Chief Administrative Officer."[72]

**188.** Defendant Todd Hood decided Plaintiff's case on November 23, 2022 at 4:11 PM when he had no authority to make such determination.

<u>Defendant Helen Robbins-Meyer Negligently Hired Defendant Todd Hood</u>

**189.** Defendant Helen Robbins-Meyers appointed Defendant Todd Hood Countywide ADA Title II Coordinator even though he had no experience whatsoever in " coordinating efforts to comply with Title II of the ADA".

**190.** According to his LinkedIn Profile, Defendant Todd Hood's position of Countywide ADA Title II Coordinator is considered "an additional role".[73]

<u>Board of Supervisors Does Not Care About The Disabled</u>

**191.** The County of San Diego does not employ a full-time; knowledgeable Countywide ADA Title II Coordinator.

**192.** Thus, Plaintiff has reason to believe that The Board of Supervisors of The County of San Diego does not care about the rights of the disabled.

<u>Plaintiff Contacts Defendant Christy Carlson</u>

**193.** On February 3, 2023 at 3:25 PM, Plaintiff submitted to Defendant

_____

[72] *See Exhibit 291.*

[73] *See Exhibit 416.*

Christy Carlson a "Due Process Complaint" against Defendant Todd Hood.[74]

**194.** And, on February 4, 2023 at 12:56 PM,  Plaintiff expressed to Defendant Christy Carlson that "not only my Due Process rights were violated; I was also subjected to unlawful discrimination."[75]

Plaintiff Contacts Defendant Mia Watson-Good

**195.** On February 7, 2023 at 6:59 PM, Plaintiff asked for a digital copy of Defendant Mia Watson-Good's Determination on the Conflict of Interest Plaintiff reported to the Office of Ethics and Compliance on October 21, 2022.[76]

Plaintiff Contacts Office of Supervisor Jim Desmond

**196.** Plaintiff decided to submit a Citizen Complaint against Defendant Todd Hood, to be filed with the Civil Service Commission.[77]

**197.** Thus, on April 7, 2023, Plaintiff contacted the office of Defendant Jim Desmond; seeing that Plaintiff lives in District 5.

**198.** On April 8, 2023, Plaintiff spoke with Adrienne Cisneros-Selekman over the phone, asking for assistance with her citizen complaint against Defendant

_____

[74] *See Exhibit 293.*

[75] *See Exhibit 297.*

[76] *See Exhibit 194.*

[77] *See Exhibit 308, 309.*

Todd Hood.

**199.** Also, Plaintiff reported that the "Civil Rights Certification" Defendant Nathan Fletcher signed on April 11, 2022, was not being observed.

<u>Claim Against the County of San Diego</u>

**200.** On February 14, 2023, Plaintiff submitted to the Office of County Counsel a Claim Against the County of San Diego.[78]

<u>Defendant Michael Vu Ratifies Unconstitutional Conduct of Subordinates</u>

**201.** On February 15, 2023 at 5:30 PM, Defendant Michael Vu sent Plaintiff an email where he ratifies the unconstitutional conduct of his subordinates that was ongoing and for "the past year".[79]

**202.** And, Defendant Michael Vu instructed County staff to "no longer engage with Plaintiff on her alleged claims of violation."

**203.** Defendant Michael Vu's statements are defamatory per se; will cause Plaintiff to be "avoided" and "silenced".

**204.** Thus, Defendant Michael Vu acted with "malice and oppression"; with a total disregard of Plaintiff's constitutional rights.

―――――――――――――

[78] *See Exhibit 311, 312.*

[79] *See Exhibit 313.*

46

**205.** Defendant Michael Vu's conduct **"shocks the conscience".**

<u>Defendant Michael Vu Did Not Investigate Plaintiff's Claims</u>

**206.** Defendant Michael Vu stated that Plaintiff's "claims of violation have been found to be unsubstantiated, including your complaint against Mr. Todd Hood, ADA Title II Coordinator."

**207.** Plaintiff has reason to believe that Defendant Michael Vu acted with reckless disregard of Plaintiff's Constitutional and Statutory Rights.

**208.** If Defendant Todd Hood did nothing wrong, then where is the Official Report he was supposed to submit to Defendant Helen Robbins-Meyer and to Defendant Michael Vu?

**209.** Plaintiff asked for a Copy of said Report under the California Public Records Act but no document was produced.

**210.** Plaintiff has reason to believe that such Report does not exist because Defendant Todd Hood Violated Policy 0010-09B.

**211.** Defendant Todd Hood decided Plaintiff's case when he had no authority to do so. And, said determination violated Plaintiff's civil and constitutional rights.

**212.** Thus, Plaintiff has reason to believe that Defendant Todd Hood committed a "color of law violation".

<u>Plaintiff Decides to Amend Claim Against the County of San Diego</u>

**213.** On February 16, 2023 at 3:30 AM, Plaintiff indicated to the Claims Department she wished to amend her claim dated February 13, 2023.[80]

<u>Defendant Mia Watson-Good Contacts Plaintiff</u>

**214.** On February 17, 2023 at 9:56 AM, Defendant Mia Watson-Good sent Plaintiff a screenshot of an email Plaintiff sent Defendant Todd Hood and to the Office of Ethics and Compliance on November 1, 2022.[81]

**215.** Defendant Mia Watson-Good highlighted a phrase of said email to try to explain why she did not prepare an Official Determination with the Results of a Conflict of Interest Plaintiff reported to the Office of Ethics and Compliance on October 21, 2022.[82]

**216.** However, the email from November 1, 2022 that Defendant Mia Watson-Good highlighted refers to a request for Reevaluation dated October 24, 2022 at 2:34 PM, that Plaintiff chose to let go because she was under severe distress.[83]

--------------------------------

[80] *See Exhibit 318, 321.*

[81] *See Exhibit 325.*

[82] *See Exhibit 325.*

[83] *See Exhibit 326.*

48

**217.** Defendant Mia Watson-Good acted with bad faith when she chose to "blame Plaintiff" for neglecting her duties.

**218.** And, Defendant Mia Watson-Good acted with reckless disregard to the constitutional and civil rights of Plaintiff. As a result, Plaintiff suffered severe physical and mental distress.

March 2023

Plaintiff Amends Her Claim Against the County of San Diego

**219.** On March 17, 2023 at 5:46 AM, Plaintiff sent Defendant Stefanie Osborn an email amending her claim dated February 13, 2023.[84]

**220.** Plaintiff wrote that giving her a "waiting list preference" based on HUD definition of disability instead of a reasonable modification under the civil rights definition of disability of the ADA and its implementing regulations under 28 CFR Part 35 eviscerates the "national mandate of elimination of discrimination against qualified individuals with disabilities (civil rights definition) in favor of HACSD "local needs".

**221.** Furthermore, under Olmstead v. LC, Plaintiff has a right to "immediate relief". However, waiting list preferences are designed to provide relief "in the

_____

[84] *See Exhibit 343.*

49

future".

## Plaintiff Contacts Defendant Claudia Silva

**222.** On March 25, 2023 at 3:31 PM, Plaintiff sent an email to Defendant Claudia Silva.[85]

**223.** In said email, Plaintiff alleged that the County of San Diego "failed to provide a reasonable accommodation (amounting to a breach of contract with the federal government)."[86]

## Plaintiff Forwarded Email to Defendant Stefanie Osborn

**224.** On March 25, 2023 at 5:06 PM, Plaintiff forwarded to Defendant Stefanie Osborn a copy of said email.[87]

## Plaintiff Forwarded Email to Defendant(s) Diana Gaitan and Liliana Gomez

**225.** On March 25, 2023 at 5:13 PM, Plaintiff forwarded to Defendant Diana Gaitan and Defendant Liliana Gomez a copy of said email.[88]

## Defendant Nathan Fletcher Announces He Would Be Seeking Inpatient Treatment for PTSD, Alcoholism and Childhood Trauma

------------------------

[85] *See Exhibit 359.*

[86] *See Exhibit 359.*

[87] *See Exhibit 361.*

[88] *See Exhibit 362.*

**226.** On Sunday, March 26 at 8:38 PM; the day after Plaintiff reported to
County Counsel that the County of San Diego "failed to provide a reasonable
accommodation (amounting to a breach of contract with the federal government);
Defendant Nathan Fletcher announced that he would be seeking inpatient
treatment, as well as dropping out of the race for California State Senate.[89]

Defendant Diana Gaitan Contacts Plaintiff

**227.** On March 27, 2023 at 7:20 AM (one hour and forty minutes before
business hours), Defendant Diana Gaitan confirmed receipt of the email
forwarded to her on March 25, 2023 at 5:13 PM.[90]

**228.** And, Defendant Diana Gaitan confirmed that the Claims Department
received a copy of Plaintiff's email.

Office of County Counsel Acts With Reckless Disregard of Plaintiff's Rights

**229.** On March 31, 2023 at 6:15 PM, Plaintiff sent an email to Defendant(s)
Claudia Silva; Liliana Gomez; Diana Gaitan and Stefanie Osborn, reporting that
"twice my name has been misspelled in official communication."[91]

_____

[89] *See Exhibit 363.*

[90] *See Exhibit 365.*

[91] *See Exhibit 370.*

**230.** Also, twice the date of incident is noted as November 23, 2023.[92]

Plaintiff Contacts Defendant Jim Desmond

**231.** On March 31, 2023 at 6:39 PM, Plaintiff sent Defendant Jim Desmond an email asking that the Board of Supervisors oversee her Claim Against the County of San Diego.[93]

**232.** On March 31, 2023 at 10:38 PM, Plaintiff sent Defendant Jim Desmond an email informing him that the "County of San Diego is liable under *Monell v. Dep't of Soc. Servs. Of N.Y; 436 U.S. 658, 691 (1978),* including (but not limited to) **ratification liability** recognized under *City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988)."[94]*

**233.** Plaintiff included a copy of the email she received from Defendant Michael Vu on February 15, 2023 at 5:30 PM.[95]

April 2023

Plaintiff Contacts Defendant Dalia Garcia-Serrano

———————————————

[92] *See Exhibit 370.*

[93] *See Exhibit 372.*

[94] *See Exhibit 377.*

[95] *See Exhibit 313.*

**234.** On April 3, 2023 at 10:29 PM, Plaintiff sent Defendant Dalia Garcia-Serrano an email with a summary of Plaintiff's claims attached.[96]

**235.** On April 4, 2023 at 1:42 PM, Plaintiff began sending Defendant Dalia Garcia-Serrano annotated emails that were evidence of the County's and its officers and employee's liability.[97]

**236.** On April 4, 2023 at 2:42 PM, Defendant Dalia Garcia-Serrano indicated she wished to "expedite" her review of Plaintiff's claim.[98]

**237.** Plaintiff told Defendant Dalia Garcia-Serrano that she did not need to "expedite" her claim; that Plaintiff would send evidence that needed to be reviewed by the Claims Department.[99]

<u>Plaintiff Offers Her Statement in Confidence to Begin Nathan Fletcher Removal from the Board of Supervisors for Willful Misconduct in Office</u>

**238.** On April 4, 2023 at 9:00 PM, Plaintiff sent Defendant Jim Desmond an email asking for his help in "getting Nathan Fletcher Removed from the Board

_____

[96] *See Exhibit 381.*

[97] *See Exhibit 384.*

[98] *See Exhibit 384.*

[99] *See Exhibit 384.*

of Supervisors for Willful Misconduct in Office under California Government Code § 3060-3074."[100]

### County of San Diego's Servers Truncate Plaintiff's Emails Containing Evidence of Liability

**239.** On April 5, 2023 at 1:42 AM, Plaintiff received a notification from Google that the County of San Diego's servers truncated Plaintiff's emails (containing evidence of the County's liability).[101]

**240.** Plaintiff was shocked and had a panic attack.

### Defendant Jim Desmond Contacts Plaintiff During Closed Session With Legal Counsel

**241.** On April 5, 2023 at 11:35 AM, Defendant Jim Desmond answered Plaintiff's email sent to him on April 4, 2023 at 9:01 PM (Re: Removal of Nathan Fletcher from County Board of Supervisors).[102]

**242.** Defendant Jim Desmond answered Plaintiff's email during a closed session with County Counsel that took place on April 4, 2023 from 10:49 AM

[100] *See Exhibit 386.*

[101] *See Exhibit 388.*

[102] *See Exhibit 391.*

until 11:51 AM.[103]

**243.** During said closed session, County Counsel brought to the attention of The Board of Supervisors that The County of San Diego was faced with " 1 (one) Potential Case" posing a "significant exposure to litigation".

<u>Defendant Nora Vargas Reschedules HACSD Meeting for</u>

<u>8:15 AM on April 11, 2023</u>

**244.** On April 5, 2023 at 2:28 PM, Defendant Nora Vargas scheduled a special meeting of the Board of Commissioners of the Housing Authority of the County of San Diego to take place on April 11, 2023 at 8:15 AM.[104]

**245.** The timing of the meeting; at 8:15 AM, was unusual. The Board of Supervisors meetings begin at 9:00 AM (at least for the past two years).

<u>Plaintiff Received Several "Truncated Message" Notifications from Google</u>

**246.** Over the next days, Plaintiff got sick because she kept getting notifications that her emails were truncated; thus preventing her from presenting her evidence to the Claims Investigator (Defendant Dalia Garcia-Serrano).[105]

---------------------------------

[103] *See Exhibit 390, 391.*

[104] *See Exhibit 392.*

[105] *See Exhibit 393.*

55

<u>Defendant Nora Vargas Introduces Vote of No Confidence Against</u>

<u>Defendant Nathan Fletcher</u>

**247.** On April 9, 2023 at 6:05 PM; **on Easter Sunday,** Nora Vargas introduced agenda item titled "A Resolution of No Confidence in Supervisor Nathan Fletcher and Request for his Immediate Resignation Effective Immedietly."[106]

**248.** The Vote of No Confidence was scheduled for April 11, 2023, at 9:00 AM.

**249.** Plaintiff has reason to believe that Defendant Nora Vargas decided to introduce a Vote of No Confidence immediately after the Closed Session with County Counsel that took place on April 5, 2023 from 10:49 AM until 11:51 AM.[107]

**250.** Plaintiff noticed how on April 5, 2023 at 2:28 PM, Defendant Nora Vargas rescheduled the meeting of The Board of Commissioners of the Housing Authority of the County of San Diego to begin at 8:15 AM on April 11, 2023.[108]

---

[106] *See Exhibit 396, 399.*

[107] *See Exhibit 392.*

[108] *See Exhibit 392.*

**251.** The move would allow for enough time to introduce and vote on Agenda Item "A Resolution of No Confidence in Supervisor Nathan Fletcher and Request for his Immediate Resignation Effective Immedietly."

HACSD Board of Commissioners

**252.** Plaintiff realized that the Board of Commissioners of the Housing Authority of the County of San Diego is comprised of the Board of Supervisors of the County of San Diego and two Tenant Commissioners.[109]

The County of San Diego's Board of Supervisors and Two Tenant Commissioners Wrongfully Denied Plaintiff's Requests for Reasonable Accommodation/Modification

**253**. Plaintiff realized that all along the Board of Supervisors had decided to wrongfully deny her repeated Requests for Reasonable Accommodation.

**254.** This fact explained why Defendant Todd Hood was so sure of himself; why he did not even bother to comply with the County of San Diego's Administrative Manual Policy 0010-09B.

**255.** Also, it explained why Defendant Michael Vu was so sure of himself that he directed County staff to "no longer engage with" Plaintiff.

---

[109] *See Exhibit 418.*

**256.** And, it explained why County officers and employees did not give Plaintiff's repeated requests for Reevaluation of her Reasonable Accommodation and Modification Request proper consideration.

Evidence that The Board of Supervisors Denied Plaintiff's Initial Request for Reasonable Accommodation:

1. Statement from Defendant Robin Ramirez

**257.** On February 1, 2022 at 5:23 PM, Defendant Robin Ramirez wrote "I am confirming that the County of San Diego reviewed your reasonable accommodation request and provided the 1/26/22 response in accordance with current policies, procedures, and applicable regulations."[110]

**258.** The Charter of the County of San Diego authorizes The Board of Supervisors to exercise the powers of the County.[111]

The Board of Supervisors Must Decide a "Fundamental Alteration"

**259.** The Board of Supervisors is the "Head" of The County of San Diego; it may invoke the "powers of the County" when all five members are in agreement.[112]

_____

[110] *See Exhibit 34.*

[111] *See Exhibit 139.*

[112] *See Exhibit 139.*

58

**260.** Therefore, saying that "The County of San Diego" provided the response from January 26, 2022, means that Defendant(s) Nora Vargas; Joel Anderson; Terra Lawson-Remer; Nathan Fletcher and Jim Desmond all agreed to Deny Plaintiff's Request for Reasonable Accommodation.

## 2. Statement from Defendant Skyler Moore

**261.** Defendant Skyler Moore informed Plaintiff that "The Reasonable Accommodation Committee (RAC) reviewed your written request".[113]

## Committee For Persons with Disabilities

**262.** The Committee for Persons with Disabilities advises the County on Section 504 and ADA matters but it does not decide a "fundamental alteration".

**263.** Commissioners are appointed by individual Board Members.

**264.** Each Board member is allowed two appointments.

## District 5

## Defendant Jim Desmond

**265.** Defendant Jim Desmond appointed Jessica Kramer; whose areas of interest include "Barrier Free Access to Basic Needs for our Vulnerable Adults with Disabilities, and our Seniors, including housing stability with adequate

---

[113] *See Exhibit 77.*

support services."

**266.** According to the law, Plaintiff is a "vulnerable adult".

**267.** Defendant Jim Desmond; along with the Board of Supervisor's other members, did nothing to provide Plaintiff with needed "housing stability with adequate support services".

**268.** Plaintiff is a recipient of IHSS but she does not have housing stability.

**269.** Plaintiff has reason to believe that the Board of Supervisors does not care about the disabled.

<u>Board of Supervisors Instructed Subordinates to Deny Plaintiff's</u>

<u>Requests for Reevaluation</u>

**270.** Plaintiff has reason to believe that the Board of Supervisors instructed County officers and employees to maintain their wrongful denial of Plaintiff's Reasonable Accommodation Request.

**271.** Plaintiff has reason to believe that Defendant(s) would have denied Her Requests for Reevaluation "no matter what".

<u>Entire Board of Supervisors is At-Risk of Removal From Office With No</u>

<u>Impeachment</u>

**272.** The most shocking realization is that Plaintiff has reason to believe that the Board of Supervisors approved unanimously a vote of no confidence against Defendant Nathan Fletcher because they knew that if he changed his mind

and returned to his position on May 15, 2023, Plaintiff would have denounced him to the Grand Jury of the County of San Diego.[114]

**273.** And in doing so, the whole Board of Supervisors could be at risk of Removal From Office with No Impeachment.

<u>Defendant Nathan Fletcher Represented the HACSD Board of Commissioners</u>

**274.** Defendant Nathan Fletcher signed the Civil Rights Certification that was violated "on behalf of the Board of Commissioners of the Housing Authority of the County of San Diego."[115]

## DEFENDANT NATHAN FLETCHER SHARED RESPONSIBILITY TO COMPLY WITH THE CIVIL RIGHTS CERTIFICATION SUBMITTED TO HUD WITH DEFENDANT NORA VARGAS; DEFENDANT JOEL ANDERSON; DEFENDANT TERRA LAWSON-REMER; DEFENDANT JIM DESMOND AND DEFENDANT NICK MACCHIONE

**275.** Therefore, all Board Members are in breach of contract with the Federal government.

**276.** As a result, all Board Members can be removed from the Board of

---

[114] *See Exhibit 391.*

[115] *See Exhibit 128.*

Supervisors for Willful Misconduct in Office under California Government Code § 3060-3075.

May 2023

**277.** On May 4, 2023, the Office of County Counsel Rejected Plaintiff's Claim Against The County of San Diego under the California Tort Claims Act.[116]

**278.** Plaintiff's name was misspelled for a third time.

**279.** The Claims Department alleged that "investigation has obliged us to conclude that the claim must be rejected".

**280.** No one signed the Notice of Rejection of Claim.

**281.** Upon reading the Notice, Plaintiff had a panic attack.

**282.** Plaintiff was sickened that again her name was misspelled even though twice she asked that personnel at County Counsel send her a new letter with the correct information.

**283.** Plaintiff's name is her most valuable asset.

**284.** Plaintiff trained her mind to remember her name so that when a psychotic break is looming; Plaintiff will; with all her might, repeat her name in her mind constantly to not lose herself in the process.

---

[116] *See Exhibit 413.*

**285.** Defendant(s) intentional conduct disregarded Plaintiff's identity; causing her to suffer inexcusable emotional distress.

**286.** Defendant(s) treated Plaintiff with no regard to her value of an individual human being.

**287.** Also, Plaintiff was prevented from sending evidence of liability when the County's servers Truncated her emails to Dalia Garcia-Serrano.

**288.** Therefore, the investigation that "obliged" County Counsel to reject Plaintiff's Claim Against the County of San Diego was predicated on evidence that the County chose to allow; thus said "Investigation" violated Plaintiff's Constitutional Right of Procedural Due Process; of "Fundamental Fairness".

**289.** And, no one signed the letter. Thus, Plaintiff has reason to believe that Claudia Silva; Raquel Young; Stefanie Osborn; Diana Gaitan; Liliana Gomez and Dalia Garcia-Serrano were all responsible for the violation of Plaintiff's Constitutional Rights to a Fair Procedure.

**290.** As a result, Plaintiff suffered inexcusable emotional distress and will continue to suffer until she can be "made whole again".

<u>Defendant Nathan Fletcher Resigns</u>

**291.** On May 15, 2023, Nathan Fletcher officially resigned from the Board

63

Of Supervisors. [117]

### Defendant Nick Macchione "Retires" from County Service

**292.** On May 24, 2023, Defendant Nick Macchione allegedly "retired" from his High-Power position to embrace a "recently created job" that was "offered" to him by longtime collaborator Patty Maysent, CEO of UCSD Health.[118]

**293.** The timing of Defendant Nick Macchione's "retirement" is questionable/suspicious; seeing that his new position begins on June 26, 2023; just days before the Civil Rights Certification signed by him and Nora Vargas will take effect on July 1, 2023.

**294.** The move gives the Board of Supervisors enough time to remove Nick Macchione from the Civil Rights Certification submitted to HUD before it becomes legally binding.

### Plaintiff Would Have Reported Nick Macchione

**295.** On October 24, 2022 at 2:41 PM, Plaintiff indicated to Defendant Todd Hood that she would submit a discrimination complaint against Defendant

---

[117] *See Exhibit 415.*

[118] *See Exhibit 420.*

Nick Macchione for his failure to make a decision; thus causing her harm.[119]

**296.** And, on April 4, 2023 at 3:02 PM, Plaintiff indicated to Defendant Dalia Garcia-Serrano that she would pursue a lawsuit in federal court.[120]

**297.** Plaintiff has reason to believe that Defendant Nick Macchione had to be removed from the new Civil Rights Certification without raising concerns with HUD.

<u>Defendant Nick Macchione decided to retire in the midst of a crisis in</u>

<u>County Governance</u>

**298.** Defendant Nick Macchione did not choose an appropriate time to retire from County Service.

**299.** The Board is in the process of hiring a Chief Administrative Officer.

**300.** District 4 is currently without representation.

**301.** There will be an election on August, 2023.

**302.** Therefore, Plaintiff has reason to believe that Defendant Nick Macchione was allowed to "retire" instead of being removed from office; instead of being "fired".

-------------------

[119] *See Exhibit 200.*

[120] *See Exhibit 384.*

The Civil Rights Certification Defendant(s) Nathan Fletcher and

Nick Macchione Signed on April, 2022 Can Still Be Challenged By HUD

**303.** 24 CFR § 903.15 (3) (i) and (ii) allows HUD to challenge the validity of a Public Housing Agency Civil Rights Certification.[121]

**304.** In determining whether a PHA has complied with its certification, HUD will review the PHA's circumstances relevant to the specified deficiencies, including "decisions" and "actions" of the PHA.[122]

**305.** The Board of Commissioners's "decision" to wrongfully deny Plaintiff's Request for Reasonable Accommodation is enough to show that the HACSD has not complied with its Civil Rights Certification.

**306.** Defendant(s) will continue to be in "breach" of contract with the Federal government until they "remedy" the violations of fair housing and civil rights laws and regulations pertaining to the intentional unconstitutional discrimination directed at Plaintiff since January 26, 2022.[123]

**307.** Beginning on July 1, 2023, HUD will be able to challenge the Civil

---

[121] *See Exhibit 375.*

[122] (24 CFR § 903.15 (c) (3) (ii)).

[123] (24 CFR § 903.15 (c) (3) (i) (C) and (ii)).

Rights Certification Defendant Nora Vargas Signed on April 2023.

## V. CLAIMS

### Claim # 1

**308**. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

**309**. 42 U.S.C. § 1983 provides in part:

> Every person who, under color of any statute, ordinance,
> Regulation, custom, or usage of any State or Territory subjects,
> or causes to be subjected, any person of the United States or
> other person within the jurisdiction thereof to the deprivation
> of any rights, privileges, or immunities secured by the Constitution
> and laws shall be liable to the party injured in an action at law, suit
> at equity or other proper proceeding for redress.

**310**. Plaintiff has a claim under 42 U.S.C. § 1983 for violation of the following federal constitutional or statutory civil right:

**FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS**

**311**. Plaintiff has a firmly established right under the Fourteenth Amendment of Fundamental Fairness.

**312**. The above civil rights were violated by all Defendants.

**313**. As a result of the Defendant's violation of the above civil rights, Plaintiff was harmed in the following way: Plaintiff suffered physical injuries

including but not limited to chest pain; muscle soreness, bowel disturbances; vomiting; dizziness; headaches. Plaintiff suffered severe emotional distress including but not limited to panic attacks; insomnia; worsening anxiety symptoms; irritability; low self-esteem; worsening depression.

**314.** Plaintiff is so traumatized that her doctors had to prescribe new Medications including a "controlled substance" to treat her worsening symptoms.

**315.** As a result of Defendant's actions, Plaintiff's suffering will continue until she can be "made whole again".

## Claim # 2

**316.** Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

**317.** Plaintiff has a claim under 42 U.S.C. § 1983 for violation of the following federal constitutional or statutory civil right:

**FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS**

**318.** Plaintiff has a firmly established right under the Fourteenth Amendment to live free from unlawful discrimination.

**319.** The above civil rights were violated by all Defendants.

**320.** As a result of the Defendant's violation of the above civil rights, Plaintiff was harmed in the following way: Plaintiff suffered physical injuries including but not limited to chest pain; muscle soreness, bowel disturbances;

vomiting; dizziness; headaches. Plaintiff suffered severe emotional distress including but not limited to panic attacks; insomnia; worsening anxiety symptoms; irritability; low self-esteem; worsening depression.

**321.** Plaintiff is so traumatized that her doctors had to prescribe new Medications including a "controlled substance" to treat her worsening symptoms.

**322.** As a result of Defendant's actions, Plaintiff's suffering will continue until she can be "made whole again".

### Claim # 3

**323.** Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

**324.** Plaintiff has a claim under 42 U.S.C. § 1983 for violation of the following federal constitutional or statutory civil right:

**FOURTEENTH AMENDMENT EQUAL PROTECTION CLAUSE**

**325.** Plaintiff has a firmly established right under the Fourteenth Amendment of equal protection under the law relating to her disability status.

**326.** The above civil rights were violated by all Defendants.

**327.** As a result of the Defendant's violation of the above civil rights, Plaintiff was harmed in the following way: Plaintiff suffered physical injuries including but not limited to chest pain; muscle soreness, bowel disturbances; vomiting; dizziness; headaches. Plaintiff suffered severe emotional distress

including but not limited to panic attacks; insomnia; worsening anxiety symptoms; irritability; low self-esteem; worsening depression.

**328.** Plaintiff is so traumatized that her doctors had to prescribe new medications including a "controlled substance" to treat her worsening symptoms.

**329.** As a result of Defendant's actions, Plaintiff's suffering will continue until she can be "made whole again".

### Claim # 4

**330.** Plaintiff realleges all prior paragraphs of this complaint and Incorporates the same herein by this reference.

**331.** Plaintiff has a claim under 42 U.S.C. § 1983 for violation of the following federal constitutional or statutory civil right:

### RIGHT TO COMMUNITY LIVING

**332.** Plaintiff has a firmly established right to community living that has been Interfered with by Defendants; due to State Action that Put Plaintiff at Severe Risk of Medically Unnecessary Institutionalization.

**333.** The above civil rights were violated by all Defendants.

**334.** As a result of the Defendant's violation of the above civil rights, Plaintiff was harmed in the following way: Plaintiff suffered physical injuries including but not limited to chest pain; muscle soreness, bowel disturbances; vomiting; dizziness; headaches. Plaintiff suffered severe emotional distress

including but not limited to panic attacks; insomnia; worsening anxiety symptoms; irritability; low self-esteem; worsening depression.

**335.** Plaintiff is so traumatized that her doctors had to prescribe new medications including a "controlled substance" to treat her worsening symptoms.

**336.** As a result of Defendant's actions, Plaintiff's suffering will continue until she can be "made whole again".

## Claim # 5

**337.** Plaintiff realleges all prior paragraphs of this complaint and Incorporates the same herein by this reference.

**338.** Plaintiff has a claim under 42 U.S.C. § 1983 for violation of the following federal constitutional or statutory civil right:

### RIGHT TO GOVERNMENT SERVICES

**339.** Plaintiff has a firmly established right to government services under California's IHSS Program that Has been Interfered with by Defendants; due to State Action that Put Plaintiff at Severe Risk of Medically Unnecessary Institutionalization.

**340.** The above civil rights were violated by all Defendants.

**341.** As a result of the Defendant's violation of the above civil rights, Plaintiff was harmed in the following way: Plaintiff suffered physical injuries including but not limited to chest pain; muscle soreness, bowel disturbances;

vomiting; dizziness; headaches. Plaintiff suffered severe emotional distress including but not limited to panic attacks; insomnia; worsening anxiety symptoms; irritability; low self-esteem; worsening depression.

342. Plaintiff is so traumatized that her doctors had to prescribe new medications including a "controlled substance" to treat her worsening symptoms.

343. As a result of Defendant's actions, Plaintiff's suffering will continue until she can be "made whole again".

<u>**Claim # 6**</u>

344. Plaintiff realleges all prior paragraphs of this complaint and Incorporates the same herein by this reference.

345. Plaintiff has a claim under 42 U.S.C. § 1983 for violation of the following federal constitutional or statutory civil right:

**RIGHT OF QUALIFIED INDIVIDUALS WITH DISABILITIES TO RECEIVE NECESSARY SERVICES IN THE MOST INTEGRATED SETTING APPROPRIATE TO THEIR NEEDS**

346. Plaintiff has a firmly established right under the Integration Mandate to receive IHSS services in the most integrated setting.

347. The above civil rights were violated by all Defendants.

348. As a result of the Defendant's violation of the above civil rights, Plaintiff was harmed in the following way: Plaintiff suffered physical injuries

including but not limited to chest pain; muscle soreness, bowel disturbances; vomiting; dizziness; headaches. Plaintiff suffered severe emotional distress including but not limited to panic attacks; insomnia; worsening anxiety symptoms; irritability; low self-esteem; worsening depression.

**349.** Plaintiff is so traumatized that her doctors had to prescribe new medications including a "controlled substance" to treat her worsening symptoms.

**350.** As a result of Defendant's actions, Plaintiff's suffering will continue until she can be "made whole again".

<u>Claim # 7</u>

**(Civil Rights Action (42 U.S.C. § 1983)**

**For Failure To Properly Screen and Hire**

Against Defendants Nora Vargas; Joel Anderson; Terra Lawson-Remer; Nathan Fletcher; Jim Desmond; Helen Robbins-Meyer; Michael Vu; County of San Diego.

**351.** Plaintiff realleges all prior paragraphs of this complaint and Incorporates the same herein by this reference.

**352.**  The defendants, County of San Diego; Nora Vargas; Joel Anderson; Terra Lawson-Remer; Nathan Fletcher; Jim Desmond; Helen Robbins-Meyer; Michael Vu, their agents, servants and employees failed to adequately and properly screen and hire the defendant employees.

**353.** The failure of these defendants to properly screen and hire the defendant officers and employees as a matter of policy; custom and practice, in the exercise of their functions, was deliberately indifferent to the constitutional rights of Plaintiff and done with conscious disregard for the dangers of harm and injury to the plaintiff and others similarly situated.

**354.** Due to the acts of the defendants, the failure to properly screen and hire officers and employees and their continued employment of the individual defendants present a clear and present risk of unlawful discrimination to the residents of the County of San Diego.

**355.** The lack of adequate screening and hiring practices by the defendants is evidence of deliberate indifference to the rights of plaintiff and others in her position.

**356.** These hiring practices led to the employment of defendants Claudia Silva; Raquel Young; Todd Hood; Robin Ramirez; David Estrella; Skyler Moore; Nicholas Martinez; Nick Macchione; Christy Carlson; Jennifer Campos; Jaime Mendez; Keith Van Wagner; Katherine Ilagan; Mia Watson-Good; Stefanie Osborn; Diana Gaitan; Liliana Gomez; Dalia Garcia-Serrano and caused the harm suffered by plaintiff in this case.

**357.** As a result of Defendant's actions, Plaintiff suffered physical and psychological injuries.

### Claim # 8

### (Civil Rights Action (42 U.S.C. § 1983)

### For Failure To Properly Train

Against Defendants Helen Robbins-Meyer; Michael Vu; Claudia Silva; Nick Macchione; County of San Diego.

358. Plaintiff realleges all prior paragraphs of this complaint and Incorporates the same herein by this reference.

359. The defendants County of San Diego and Helen Robbins-Meyer; Michael Vu; Claudia Silva; Nick Macchione, as a matter of custom, practice, and policy, failed to maintain adequate and proper training as to the constitutional rights of disabled citizens; to prevent the consistent and systematic unlawful intentional discrimination plaintiff has endured.

360. Defendants failed to provide adequate training to officers and employees on the proper procedures when responding to requests for reasonable accommodation.

361. Therefore, these defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

362. The failure to promulgate or maintain constitutionally adequate training was done with deliberate indifference to the rights of plaintiff and others in her position.

**363.** The constitutionally infirm lack of adequate training as to the officers and employees in this case caused plaintiff's damages.

**364.** As a result of Defendants' actions, Plaintiff suffered physical and psychological injuries.

**Claim # 9**

**(Civil Rights Action (42 U.S.C. § 1983)**

**For Failure To Supervise and Discipline**

Against Defendants Helen Robbins-Meyer; Michael Vu; Claudia Silva; Nick Macchione; County of San Diego.

**365.** Plaintiff realleges all prior paragraphs of this complaint and Incorporates the same herein by this reference.

**366.** The County of San Diego and Helen Robbins-Meyer; Michael Vu; Claudia Silva; Nick Macchione, as a matter of custom, practice and policy, failed to supervise officers and employees to prevent, deter and punish the unconstitutional intentional discrimination plaintiff endured.

**367.** Upon information and belief, the defendants knew or should have known of the civil rights definition of disability that applies to requests for reasonable accommodation.

**368.** Defendants condoned and acquiesced to the unconstitutional intentional discrimination of officers and employees by refusing to retrain them,

discipline them, or correct their unlawful conduct.

**369.** The constitutionally deficient investigation and lack of discipline was done with deliberate indifference to the rights of plaintiff and others in her position.

**370.** The lack of adequate supervision and discipline cause plaintiff's damages.

**371.** As a result of Defendants' actions, Plaintiff suffered physical and psychological injuries.

## Claim # 10

### MONELL MUNICIPAL LIABILITY CIVIL RIGHTS ACTION

### (42 U.S.C § 1983)

### Against Defendant County of San Diego

### Based on Official Policy, Practice or Custom of Unlawful Discrimination

**372.** Plaintiff realleges all prior paragraphs of this complaint and Incorporates the same herein by this reference.

**373.** Defendant County of San Diego promulgated and maintained an unconstitutional policy, ordinance or regulation which allowed its officers and employees to engage in a pattern and practice of unlawful discrimination.

**374.** Defendant County of San Diego maintained a widespread custom and practice of unlawful discrimination that had the effect and force of official policy.

**375.** Defendant County of San Diego was deliberately indifferent to the widespread conduct on the part of County officers and employees of unlawful discrimination.

**376.** As a result, Plaintiff has been subjected to unconstitutional intentional discrimination for more than 18 months; constituting state action that put her at severe risk of medically unnecessary institutionalization.

**377.** The unlawful and illegal conduct of the defendant(s) deprived plaintiff of the rights, privileges and immunities secured to her by the Constitution of the United States of America.

**378.** As a direct, proximate and foreseeable result, Plaintiff suffered and will continue to suffer damages until she is "made whole" again.

<u>**Claim # 11**</u>

**MONELL MUNICIPAL LIABILITY CIVIL RIGHTS ACTION**

**(42 U.S.C § 1983)**

**Against Defendant County of San Diego**

**Based on Ratification By a final policymaker (Michael Vu)**

**379.** Plaintiff realleges all prior paragraphs of this complaint and Incorporates the same herein by this reference.

**380.** Defendant County of San Diego's officers and employees acted under color of state law;

**381.** The acts and failure to act of Todd Hood; Robin Ramirez; David Estrella; Skyler Moore; Nicholas Martinez; Nick Macchione; Christy Carlson; Jennifer Campos; Jaime Mendez; Keith Van Wagner; Katherine Ilagan; Mia Watson-Good deprived plaintiff of her particular Rights under Federal Civil Rights Statutes and the United States Constitution.

**382.** Defendant Michael Vu acted under color of state law;

**383.** Defendant Michael Vu had final policymaking authority from defendant County of San Diego concerning the acts and failure to act of Todd Hood; Robin Ramirez; David Estrella; Skyler Moore; Nicholas Martinez; Nick Macchione; Christy Carlson; Jennifer Campos; Jaime Mendez; Keith Van Wagner; Katherine Ilagan; Mia Watson-Good,

**384.** Defendant Michael Vu ratified Todd Hood; Robin Ramirez; David Estrella; Skyler Moore; Nicholas Martinez; Nick Macchione; Christy Carlson; Jennifer Campos; Jaime Mendez; Keith Van Wagner; Katherine Ilagan; Mia Watson-Good 's acts and failure to act, that is, Michael Vu knew and specifically made a deliberate choice to approve Todd Hood; Robin Ramirez; David Estrella; Skyler Moore; Nicholas Martinez; Nick Macchione; Christy Carlson; Jennifer Campos; Jaime Mendez; Keith Van Wagner; Katherine Ilagan; Mia Watson-Good's acts and failure to act and the basis for it.

**385.** As a result, Plaintiff has been subjected to unconstitutional intentional

discrimination for more than 18 months; constituting state action that put her at severe risk of medically unnecessary institutionalization.

**386.** The unlawful and illegal conduct of the defendant deprived plaintiff of the rights, privileges and immunities secured to her by the Constitution of the United States of America.

**387.** As a direct, proximate and foreseeable result, Plaintiff suffered and will continue to suffer damages until she is "made whole" again.

## VI. REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests:

1. Entering judgment for compensatory damages against individual defendant(s) for 10,000,000 (ten million) dollars to be apportioned according to proof.

2. Entering judgment for exemplary damages against each of the individual Defendants in the following amounts; sufficient to punish and to make an example of said defendants, and to deter said defendants and others from engaging in similar conduct, as follows:

Defendant Nora Vargas: 1,000,000 (one million) dollars.

Defendant Joel Anderson: 1,000,000 (one million) dollars.

Defendant Terra Lawson-Remer: 1,000,000 (one million) dollars.

Defendant Nathan Fletcher: 2,000,000 (two million) dollars.

Defendant Jim Desmond: 1,000,000 (one million) dollars.

Defendant Helen Robbins-Meyer: 1,000,000 (one million) dollars.

Defendant Michael Vu: 2,000,000 (two million) dollars.

Defendant Claudia Silva: 1,000,000 (one million) dollars.

Defendant Raquel Young: 1,000,000 (one million) dollars.

Defendant Todd Hood: 2,000,000 (two million) dollars.

Defendant Robin Ramirez: 1,000,000 (one million) dollars.

Defendant David Estrella: 2,000,000 (two million) dollars.

Defendant Skyler Moore: 2,000,000 (two million) dollars.

Defendant Nicholas Martinez: 1,000,000 (one million) dollars.

Defendant Nick Macchione: 2,000,000 (two million) dollars.

Defendant Christy Carlson: 2,000,000 (two million) dollars.

Defendant Jennifer Campos: 2,000,000 (two million) dollars.

Defendant Jaime Mendez: 2,000,000 (two million) dollars.

Defendant Keith Van Wagner: 1,000,000 (one million) dollars.

Defendant Katherine Ilagan: 1,000,000 (one million) dollars.

Defendant Mia Watson-Good: 2,000,000 (two million) dollars.

Defendant Stefanie Osborn: 1,000,000 (one million) dollars.

Defendant Diana Gaitan: 1,000,000 (one million) dollars.

Defendant Liliana Gomez: 1,000,000 (one million) dollars.

Defendant Dalia Garcia- Serrano: 1,000,000 (one million) dollars.

3.  Entering judgment for compensatory damages in the amount of 20,000,000 (twenty million) dollars against Defendant County of San Diego.

4.  Awarding reasonable attorney's fees, expenses, and costs of suit should counsel be retained or appointed.

5.  Granting such other and further relief as the Court deems proper.


## DEMAND FOR JURY TRIAL


Plaintiff demands a jury trial.


I declare under penalty of perjury that the foregoing is true and correct.


Dated: June 27, 2023                     Respectfully submitted,


*Christiane Lee Nitschke*

CHRISTIANE LEE NITSCHKE

(Pro se Plaintiff)

82