UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIANE LEE NITSCHKE,<br><br>                                  Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO,<br><br>                                  Defendant. | Case No.: 23cv1206-LL-VET<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[ECF No. 13] |

Before the Court is Defendant County of San Diego's ("Defendant" or "County") Motion to Dismiss Plaintiff Christiane Lee Nitschke's ("Plaintiff") First Amended Complaint. ECF No. 13. Defendant's Motion has been fully briefed and the Court deems it suitable for submission without oral argument. *See* S.D. Cal. CivLR 7.1(d)(1). For the reasons stated below, the Court **GRANTS** Defendant's Motion to Dismiss.

I.    **BACKGROUND**

    A.    **Factual Background**

Plaintiff is a disabled individual who resides in the County of San Diego. ECF No. 1, First Amended Complaint ("FAC") ¶¶ 3, 44. Plaintiff alleges that the County of San Diego's Health and Human Services Agency ("HHSA") provides her with Mental Health

Services and In-Home Supportive Services ("IHSS") which allow Plaintiff to live in the community and to avoid premature or unnecessary institutionalization. *Id.* ¶ 50.

On October 14, 2021, Plaintiff applied online with the Housing Authority for the County of San Diego ("HACSD"), or the County's department of Housing and Community Development Services ("HCDS"), for Section 8 tenant-based rental assistance through the Housing Choice Voucher ("HCV") program. *Id.* ¶ 73. Plaintiff received confirmation that she had been placed on HACSD's waiting list for an HCV. ECF No. 3-2, Ex. 18 at 497. On December 9, 2021, Plaintiff mailed a "reasonable accommodation" request to HCSD under Title II of the ADA, Section 504, the FHA, and applicable federal regulations. FAC ¶ 83; ECF No. 3-2, Ex. 23 at 581. The request stated that Plaintiff wanted to "bypass" HACSD's HCV waiting list and "request[ed] immediate issuance of a tenant-based Housing Choice Voucher as a reasonable accommodation so that [she] may have meaningful access to HUD's Section 8" HCV program. ECF No. 3-2, Ex. 23 at 582, 612–14.

On January 26, 2022, Robin Ramirez, an HACSD Program Manager, sent Plaintiff a decision letter informing Plaintiff that HACSD could not approve Plaintiff's request. FAC ¶¶ 91–92; ECF No. 3-2, Ex. 39 at 714. Specifically, the decision letter confirmed that Plaintiff had "already been granted equal access to the program as shown by [her] success at applying for the program and securing [her] placement on the waitlist" and further stated that Plaintiff's request to bypass other applicants could not be granted "based on HUD-mandated waitlist rules." FAC ¶ 92; ECF No. 3-2, Ex. 39 at 714. Ms. Ramirez further suggested that Plaintiff "consider applying to one or more waiting lists for a project-based voucher (PBV) development administered by HACSD" while waiting to be selected and informed Plaintiff of other affordable housing resources and options. ECF No. 3-2, Ex. 39 at 714.

From February 2022 to February 2023, Plaintiff continued to correspond with HACSD officials and employees with accommodation requests and complaints. FAC ¶¶ 108–143, 162–274. On February 15, 2023, Michael Vu, the County's Assistant Chief

Administrative Officer, wrote Plaintiff on behalf of the County regarding Plaintiff's requests and complaints. *Id.* ¶ 275; ECF No. 3-8, Ex. 336 at 120. Mr. Vu noted that County personnel had "been forthright in letting [Plaintiff] know of [her] waitlist status for housing services" and had "attempted to provide [Plaintiff] with a path to receive services." ECF No. 3-8, Ex. 336 at 120. Further, Mr. Vu stated that "County staff will no longer engage with [Plaintiff] on [her] alleged claims of violation when they have been found to be unsubstantiated" and that his correspondence "conclude[d] the County's review and investigation on the matter." *Id.*; FAC ¶ 276.

### B. Procedural Background

On June 29, 2023, Plaintiff brought an action against Defendant and twenty-five current and former County of San Diego officials and employees in their individual capacities. ECF No. 1. On October 16, 2023, Plaintiff filed an amended complaint raising twenty-six causes of action. ECF No. 3, First Amended Complaint ("FAC"). On November 3, 2023, Plaintiff voluntarily dismissed the individual defendants. ECF No. 11.

On December 7, 2023, Defendant filed a Motion to Dismiss Plaintiff's First Amended Complaint. ECF No. 13. Defendant's Motion also included a request for judicial notice.[1] ECF No. 13-2. On December 11, 2023, Plaintiff filed an ex parte application to

---

[1] Defendant requests the Court to take judicial notice of three documents: (1) HACSD's Section 8 HCV Program Administrative Plan; (2) HACSD's Annual Plan for the 2023-2024 Fiscal Year; and (3) Plaintiff's February 16, 2023 Claim against Defendant. *See* ECF No. 13-2. Plaintiff states that these documents must be excluded. *See* ECF No. 14. Courts may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This includes "materials incorporated into the complaint or matters of public record." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *see also Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) ("[A court] may take judicial notice of records and reports of administrative bodies."). Further, neither party disputes the authenticity of these documents or their accuracy nor are the facts contained in these documents in dispute. *See* Fed. R. Evid. 201(b). The Court hereby takes judicial notice of the three documents.

exclude matters outside the pleadings.² ECF No. 14. On December 13, 2023, Defendant filed an opposition to Plaintiff's ex parte application. ECF No. 16. On December 28, 2023, Plaintiff filed an Opposition ("Opposition" or "Oppo.") to the Motion to Dismiss.³ ECF No. 19. On January 4, 2024, Defendant filed a Reply ("Reply") in support of its Motion to Dismiss. ECF No. 22.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must plead sufficient factual allegations to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556

---

² "The opportunities for legitimate ex parte applications are extremely limited.'" *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013) (internal quotation marks and emphasis omitted). To be proper, an ex parte application must demonstrate good cause to allow the moving party "to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Additionally, Local Rule 83.3(g) and Judge Lopez's Civil Chambers Rules requires a party, before filing an ex parte application, to make a good faith effort to resolve differences with opposing counsel. *See* S.D. Cal. CivLR Rule 83.3(g); Judge Linda Lopez's Civil Chambers Rule 5. Here, Plaintiff's ex parte application fails to demonstrate good cause and fails to show that the use of an ex parte procedure is justified. Plaintiff also failed to make good faith meet and confer efforts to resolve the differences with opposing counsel. *See generally* ECF Nos. 14, 16. As such, Plaintiff's ex parte application is **DENIED**.

³ Initially, Plaintiff filed a request for entry of default against Defendant with her Opposition. ECF No. 20. However, shortly after filing the request, Plaintiff filed a notice clarifying that "Plaintiff did not intend to ask that the Clerk enter a default immediately" but instead "intended to request that the Court consider Plaintiff's Opposition . . . and should the Court find that Defendant . . . 'waived' its Motion to Dismiss, then the Court would order an entry of default." ECF No. 21 at 1–2. Because Defendant timely responded to the FAC, Plaintiff's request for default is **DENIED**.

U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A court may accept all factual allegations as true, but it need not accept legal conclusions as true. *Id.*; *Twombly*, 550 U.S. at 555. "[A] pleading that [is] needlessly long, or . . . highly repetitious, or confused, or consist[s] of incomprehensible rambling" violates Rule 8(a). *See Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011); *see also Davis v. Unruh*, 677 F. App'x 456, 456–57 (9th Cir. 2017) (affirming dismissal of an amended complaint that consisted of 159 pages and contained 172 pages of exhibits).

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court may grant a Rule 12(b)(6) dismissal when the plaintiff fails to present a cognizable legal theory or allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). While a complaint "does not require 'detailed factual allegations,'" to avoid a Rule 12(b)(6) motion to dismiss, it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The court has an obligation where the plaintiff "is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)) (emphasis omitted). The court, however, "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

/ / /

/ / /

/ / /

## III. DISCUSSION

Defendant moves to dismiss all twenty-six causes of action in Plaintiff's Complaint under Rule 8 and Rule 12(b)(6). *See* ECF No. 13-1, Motion to Dismiss ("Motion" or "Mot."). The Court addresses each of Defendant's arguments in turn.

### A. Rule 8(a)

First, Defendant states that Plaintiff's FAC should be dismissed for violating Rule 8(a). Mot. at 20–23. Defendant argues that the FAC is a shotgun pleading with twenty-six vague and conclusory causes of action. *Id.* at 23.

Here, the FAC fails to comply with Rule 8(a)'s "short and plain statement" requirement, and the Court is unable to determine whether Plaintiff has sufficiently stated a claim showing that Plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Plaintiff's amended complaint is 120 pages long and includes 573 paragraphs of allegations. *See generally* FAC. Plaintiff also includes over 2,700 pages of exhibits. *See* ECF No. 3-1, 3-2, 3-3, 3-4, 3-5, 3-6, 3-7, 3-8, 3-9, 3-10, 3-11, 3-12. Further, Plaintiff "incorporates . . . by [] reference" the allegations found in the 428 preceding paragraphs without regard to the relevancy of the earlier allegations or how they relate to each claim. *See*, *e.g.*, FAC ¶¶ 429, 436, 442, 447. Consequently, it is difficult to determine which allegations support which of the twenty-six causes of action and the FAC fails to give fair notice to Defendant of the claims against it. As such, Plaintiff's FAC fails to comply with Rule 8(a).

In addition, Plaintiff's FAC is a "shotgun pleading." *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320–23 (11th Cir. 2015). The term "shotgun pleading" refers to pleading practices that violate Rule 8(a)(2)'s "short and plain statement" requirement." *Id.* at 1320. Many courts, including this one, have sharply criticized shotgun pleading. *See Mason v. Cnty. of Orange*, 251 F.R.D. 562, 563 (C.D. Cal. 2008); *George v. Grossmont Cuyamaca Cmty. Coll. Dist. Bd. of Governors*, 2022 WL 17330467, at *15–18 (S.D. Cal. Nov. 29, 2022). A shotgun pleading "replete with conclusory, vague, and immaterial facts" prevents courts from determining the plausibility of its allegations and from further analyzing the arguments. *Weiland*, 792 F.3d at 1322; *see Cafasso*, 637 F.3d

at 1059 ("Our district courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace* to discern a plaintiff's claims and allegations."); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Mason*, 251 F.R.D. at 563–64 (quoting *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996)).

The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings." *Weiland*, 792 F.3d at 1321. Here, there are three categories are at issue: (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; and (3) a complaint "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321–23.

First, each of Plaintiff's causes of action begin with the phrase: "Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference." *See* FAC at 95–116. Second, the FAC contains over a hundred pages of allegations regarding Plaintiff's accommodation requests and complaints, but Plaintiff makes no effort to connect any of these allegations with any of her separately enumerated claims. Further, as stated above, the FAC consists of over 2,700 pages of exhibits, which includes documents that are "not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. Lastly, Claims 1 through 19 are asserted against all defendants with no

indication as to which defendant was responsible for which acts or omissions.[4] *See* FAC at 95–107; *Weiland*, 792 F.3d at 1323. This type of pleading complicates the Court's efforts to understand which factual allegations support which claims and against which defendant. Accordingly, dismissal of the FAC in its entirety is warranted under Rule 8(a).

Lastly, because the Court determines the FAC does not provide "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief," the Court does not reach Defendant's remaining arguments. *See* Fed. R. Civ. P. 8(a).

**B.     Leave to Amend**

If a court dismisses certain claims, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted). "Courts are free to grant a party leave to amend whenever 'justice so requires,' and requests for leave should be granted with 'extreme liberality.'" *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (citation omitted) (quoting Fed. R. Civ. P. 15(a)(2)). Leave to amend generally should only be denied if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). "This policy is applied even more liberally to pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). "A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Pursuant to Rule 15(a) and Plaintiff's pro se status, Plaintiff must be given leave to amend her complaint because amendment would not be futile, unduly prejudice the parties, or cause undue delay, and Plaintiff has not acted in bad faith. *See* Fed. R. Civ. P. 15(a);

---

[4] After voluntarily dismissing the individual defendants, Plaintiff did not amend the complaint to specify which of the defendants are responsible for which acts or omissions.

*Leadsinger*, 512 F.3d at 532; *Cato*, 70 F.3d at 1106. Accordingly, the Court grants Plaintiff leave to amend to file an amended complaint.

If Plaintiff chooses to file an amended complaint, the amended complaint must comply with all applicable rules, including but not limited to Federal Rule of Civil Procedure 8. *See* Fed. R. Civ. P. 8 (the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "[e]ach allegation must be simple, concise, and direct."). The amended complaint must present facts sufficient to plausibly allege each cause of action and clearly indicate which facts serve as the basis of those causes of action. *See Ashcroft*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

Additionally, the amended complaint must be complete by itself without reference to his original pleading. Any claim not re-alleged in the amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.").

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss with leave to amend. Plaintiff shall file any amended complaint within thirty (30) days of the issuance of this Order. If Plaintiff fails to file an amended complaint within the time provided, the Court may enter a final order dismissing this civil action.

**IT IS SO ORDERED.**

Dated: June 21, 2024

_____
Honorable Linda Lopez
United States District Judge